UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>v.<br><br>WINFRED FIELDS,<br>  Defendant. | § Cr. No. H-18-316<br>§<br>§<br>§<br>§<br>§<br>§ |

### United States's Brief Supporting
### Its Proposed Jury Instructions

The United States proposes three jury instructions that are not among the Fifth Circuit's pattern jury instructions. Two of these proposed jury instructions (nos. 13 and 14) instruct the jury on the tax law and relevant provisions of three international tax treaties governing issues in this case. These two proposed instructions pertain to Counts 1 through 13 of the Superseding Indictment. The third proposed jury instruction, no. 15, instructs the jury on the tax law surrounding a provision of the Internal Revenue Code, 26 U.S.C. 108, pertaining to Counts 14 and 15 of the Superseding Indictment.

"The primary purpose of jury instructions is to define with substantial particularity the factual issues, and clearly instruct the jurors as to the principles of laws which they are to apply in deciding the factual issues involved in the case before them." *United States v. Cronn*, 717 F.2d 164, 170 (5th Cir. 1983), *citing United States v. Gilbreath*, 452 F.2d 992, 994 (5th Cir. 1971); *United States v. Hill*, 417 F.2d 279, 281 (5th Cir. 1969). "The jury must know the law as it actually is ... before it can determine the guilt or innocence of the accused ..." *United States v. Barnett*, 945 F.2d 1296, 1300 (5th Cir. 1991).

## International Tax Treaties Governing Income Taxation
### (Proposed Jury Instructions 13 and 14)

This case involves various U.S. Individual Income Tax Returns (IRS forms 1040, 1040NR, and 1040X) that defendant prepared for numerous individuals who were not citizens of the United States. These non-U.S. citizens were in most instances working offshore in the Gulf of Mexico, on the Outer Continental Shelf of the United States, in the exploration and exploitation of natural resources. The Internal Revenue Code of the United States and the international tax treaties

that the United States had in effect at the time with three foreign nations, (1) Great Britain and Northern Ireland, (2) the Kingdom of Spain, and (3) New Zealand, govern the U.S. income tax liability of these non-U.S. citizens whose income tax returns are in issue. The treaty with Great Britain and Northern Ireland applies to most of the income tax returns that the United States will present at trial.

To begin, the Internal Revenue Code of the United States is clear that its income tax provisions apply to non-U.S. citizens working on the outer Continental Shelf of the United States in the exploration and exploitation of natural resources. 26 U.S.C. 638(1). This authority is consonant with statutes in Title 43 of the United States Code, dealing with Public Lands of the United States, in which the United States claims jurisdiction over the exploration and exploitation of natural resources on its Outer Continental Shelf. 43 U.S.C. 1333(a)(1) ("[t]he Constitution and laws and civil and political jurisdiction of the United States are extended to the subsoil and seabed of the Outer Continental Shelf ... for the purpose of exploring for, developing, or producing resources therefrom ... to the same extent as if the outer Continental

Shelf were an area of exclusive Federal jurisdiction located within a State ..." *Accord* Restatement (Third) of Foreign Relations Law (1987), § 515(1) ("[t]he coastal state has sovereign rights over its continental shelf for the purpose of exploring it and exploiting its natural resources."); Restatement (Third) of Foreign Relations Law (1987), Comment (b) to § 515(b) ("As ... now accepted as customary international law, the continental shelf extends to the outer edge of the continental margin, or to a distance of 200 nautical miles from the baseline of the territorial sea if the margin does not extend that far (or if a state has no continental margin) ...").

But beyond the requirements of the Internal Revenue Code and the provisions of Title 43 of the United States Code concerning Public Lands, the Constitution of the United States is clear that a treaty with a foreign nation constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. *Asakura v. City of Seattle, Washington*, 265 U.S. 332, 341 (1924); *United States v. The Peggy*, 5 U.S. 103 (1801); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1291 (11th Cir. 2003).

To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. *Zschernig, et al. v. Miller, Administrator, et al.*, 389 U.S. 429, 440-441 (1968); *In re Commissioner's Subpoenas*, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); *United States v. Erato*, 2 F.3d 11, 15-16 (2d Cir. 1993).

The United States Tax Court, in *Adams Challenge (UK) Limited v. C'mmr.*, 154 T.C. ___ No. 3, (Jan. 8. 2020), 2020 WL 95692, recently published an opinion interpreting the very same tax treaty between the United States and Great Britain and Northern Ireland applicable to the case at bar. The Tax Court stated the following with regard to the United States's exclusive rights over the Outer Continental Shelf in the Gulf of Mexico:

> Petitioner does not dispute that the United States has exclusive rights, in accordance with international law, with respect to the exploration and exploitation of natural resources" on the OCS [Outer Continental Shelf]. The United States claims such exclusive rights. *See* Outer Continental Shelf Lands Act, ... (codified as amended at 43 U.S.C. secs. 1331-1365a (2018)). And that claim "accords with customary international law." *FMC Corp. & Subs. V. C'mmr.*, 100 T.C. 595, 597 (1993).
>
> In the Gulf of Mexico, the OCS extends to a distance of up to 200 nautical miles from the U.S. coastline ... 154 T.C. ___, No.

5

3, at *5, 2020 WL 95692 at *5.

United States's proposed jury instruction no. 13 correctly instructs the jury on the relevant provisions of this tax treaty between the United States and Great Britain and Northern Ireland.[1] The provisions of the treaty are consonant with the Internal Revenue Code, with Title 43 of the United States Code, and with other law cited above. Proposed instruction no. 13 also properly instructs that Article 21 of the treaty applies *exclusively* to the U.S. income tax liability of British citizens and British subjects working in the exploration and exploitation of natural resources on the outer Continental Shelf of the United States. *See* the recent Tax Court opinion in *Adams Challenge,* 154 T.C. \_\_\_ No. 3, at *12, 2020 WL 95692, at *12 ("... [A]rticle 21, titled 'Offshore Exploration and Exploitation Activities,' creates a special rule for activities carried on in connection with exploitation of natural resources").

---

1. This treaty is available at 2003 WL 27168181. The official name of the treaty is the Convention Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and on Capital Gains, July 24, 2001, as Amended July 19, 2002, T.I.A.S. No. 13161, entered into force March 31, 2003.

Proposed jury instruction no. 13 also clearly instructs that the provisions of Article 14 of the treaty with Great Britain and Northern Ireland are applicable to the U.S. income tax liability of British citizens and British subjects who were present in the United States working in jobs not covered by the exclusive provisions of Article 21 dealing with the exploration and exploitation of natural resources on the Outer Continental Shelf.

Similarly, United States's proposed jury instruction 14 correctly instructs the jury on the relevant provisions of the international tax treaties the United States had in effect at the time with the Kingdom of Spain[2] and with New Zealand[3] governing the income taxation of citizens of Spain and New Zealand who were present in the United States. The law in these two treaties is the same. These two treaties do not have a provision similar to the exclusive provision of Article 21 of

---

2. This treaty is available at 1990 WL 10849108. The official name of the treaty is the Convention Between the United States of America and the Kingdom of Spain for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, effective January 1, 1991, S. Treaty Doc. No. 101-16.

3. This treaty is available at 1979 WL 182393. The official name of the treaty is the Convention Between the United States of America and New Zealand for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, entered into force on November 2, 1983, T.I.A.S. No. 10772, 35 U.S.T. 1949.

the treaty with Great Britain and Northern Ireland dealing with exploration and exploitation of natural resources on the Outer Continental Shelf.

### Discharge of Indebtedness, 26 U.S.C. 108
### (Proposed Jury Instruction 15)

Proposed jury instruction 15 clearly instructs the jury on the relevant law in the Internal Revenue Code, 26 U.S.C. 108, concerning the reporting of income from discharge of indebtedness. This instruction is based upon the language in 26 U.S.C. 108 concerning qualified real property indebtedness (§ 108(c)(3)), deductible expenses (§ 108(e)), and qualified farm indebtedness (§ 108(g)). This law is applicable to the jury's consideration of counts 14 and 15.

    Respectfully submitted,
    RYAN K. PATRICK
    UNITED STATES ATTORNEY

    */s/ Charles J. Escher*
    Melissa Annis
    Charles J. Escher
    Assistant U.S. Attorney
    1000 Louisiana St. Suite 2300
    Houston, TX 77002
    Tel: 713-567-9716
    Fax: 713-718-3300

Certificate of Service

I hereby certify that I have served a copy of the above brief on defendant by e-mailing a copy this 20 day of January, 2020, to counsel of record, Marcellous McZeal and Dwight Jefferson.

_____
Charles J. Escher